# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60152
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2018

Lyle W. Cayce
Clerk

SANDRA STONE,

Plaintiff−Appellant,

versus

KROGER LIMITED PARTNERSHIP I,

Defendant−Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 1:16-CV-164

Before SMITH, ELROD, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Sandra Stone appeals the dismissal of her slip-and-fall claim. Her only

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue is this: "Did the District Court err in finding an expert is required to determine medical causation?"

The defendant tendered an expert witness on causation. Stone presented none. She contends, instead, that no expert is needed because this case "does not contain a medically complex matter." The only injuries at issue are deep vein thrombosis and retroperitoneal hemorrhage. The defendant acknowledges that "[w]hile it is true that not every negligence case automatically requires expert testimony on medical causation, such evidence is required in cases of medical complexity." We agree with that statement of the law as applied in Mississippi diversity cases.

The defendant's medical expert opined that none of Stone's medical conditions was caused by the slip-and-fall but that, instead, Stone had a chronic, pre-existing condition known as May-Thurner Syndrome, "which puts the patient at risk for left lower extremity deep vein thrombosis." Further, it is undisputed that Stone went on a long car trip shortly after the accident. The expert opined that "[s]itting for a prolonged period of time, such as on a long car trip, is another known risk factor for deep venous thrombosis."

The issue is not whether this expert's opinion is correct. Instead, the only question is whether this case is of sufficient medical complexity that Stone needed an expert. She did.

The judgment of dismissal is AFFIRMED.